IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANGELA WHITE                                                                PLAINTIFFS

VS                                                   CIVIL ACTION NO. 3:16-CV-182-MPM-SAA

TUNICA COUNTY, MISSISSIPPI,
TUNICA COUNTY, MISSISSIPPI SHERIFF'S
DEPARTMENT and SHERIFF K.C. HAMP,
In his Official and Individual Capacities,
EUGENE BRIDGES and JOHN DOES 1-V                                             DEFENDANTS

## COMPLAINT
## TRIAL BY JURY

COMES NOW Plaintiffs, Angela White ("Plaintiff") by and through undersigned counsel, and brings this action against Defendants Tunica County, Mississippi Sheriff's Department, Sheriff K.C. Hamp ("Sheriff") and Eugene Bridges ("Bridges"), in their Official and Individual Capacities, to obtain redress for the deprivation of her federally protected rights as hereafter alleged, and for intentional infliction of emotional distress.

### JURIDICTION AND VENUE

#### 1.

The jurisdiction of the Court is invoke pursuant to 28 U.S.C. Section 1331, 13433, 2201, and 2202. This suit is authorized and instituted pursuant to Title VII of the Acts of Congress known as the "Civil Right Act of 1964," 42 U.S.C. Section 2000e seq., as amended by the Civil Rights Act of 1991 and 42 U.S. C. Section 1981, which provides relief against sex discrimination, sex harassment, and retaliation.

#### 2.

The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII, as she filed her Charges of Discrimination and Retaliation with the Equal Employment

Opportunity Commission ("EEOC") within 180 days of the occurrence of the last discriminatory acts, and further, timely filed her lawsuit within ninety (90) days of the receipt of her Notice of Right to Sue from the EEOC, said Notice received by the Plaintiff and undersigned counsel on June 15, 2016.

**3.**

Venue is proper within this District pursuant to 28 U.S.C. 1391 (b), as the Plaintiff is employed by the Tunica County Mississippi Sheriff's Department, where she served as a Deputy Sherriff, School Resource Officer, Deputy Jailer, and in Corrections as a non-law enforcement employee, during the events described herein which predominantly occurred within this District and Division..

**PARTIES**

**4.**

The plaintiff, Angela White, is a female citizen of the United States, a resident of the State of Mississippi, and over nineteen (19) years of age.

**5.**

Defendant Tunica County , by and through its Board of Supervisors, is a political subdivision of the State of Mississippi and may be served with process by effecting the same upon the Chancery Clerk for Tunica County, Mississippi, at the Tunica County Courthouse 1300 School Street, suite 104, Tunica, Mississippi. The Tunica County Mississippi Sheriff Department is a political subdivision of Tunica County, Mississippi. At all times relevant, Tunica County Deputies referenced herein, were employed as sworn law enforcement officers for the County, and Tunica County, Mississippi Sheriff's Department.

**6.**

Defendant Eugene Bridges, during relevant times of the events alleged herein, was employed in a supervisory position as a Commander with the Tunica County, Mississippi Sheriff's Department. Defendant Bridges can be served with process of this action at 1346 East Lake Blvd. Robinsonville, Tunica County, Mississippi 38676. Defendant, Bridges is sued in his official and individual capacities.

**7.**

Defendant K.C. Hamp is the Sherriff of Tunica County, Mississippi, who is sued herein in his individual and official capacities, and serves as the Chief Law Enforcement Officer for Tunica County, Mississippi, and may be served with process at the Tunica County Sheriff's Department, 5126 Old Mhoon Landing Road, Tunica, Mississippi 38676.

**8.**

Defendant Tunica County Mississippi Sheriff's Department is a subdivision of Tunica County, Mississippi, and is Plaintiff's current employer, and may be served with process through Sheriff K.C. Hamp, and/ or The Chancery Clerk of Tunica County, Mississippi.

**9.**

Defendants John and Jane Does 1-10, whose identities are unknown to the Plaintiffs at this time, are upon information and belief, deputies and/or employees of the Tunica County Sheriff's Department. All allegations and claims asserted herein against the named Defendants are incorporated herein by reference against John and Jane Does 1-10. Said John and Jane Does 1-10 when their identities are known, will be named and joined in this action, if necessary, pursuant to the Federal Rules of Civil Procedure.

**10.**

At all times relevant the Tunica County Sheriff Department employed Plaintiff, and had control over its deputies, supervisors and employees, including but not limited to Defendant Eugene Bridges.

**11.**

At all relevant times, Tunica County, Mississippi, and it subdivisions, Tunica County Sheriff's Defendant have been entities subject to suit under Title VII and has employed at least fifteen (15) persons.

## FACTUAL ALLEGATION COMMON TO ALL COUNTS

**12.**

Plaintiff is a female who was initially employed with the Tunica County, Mississippi Sheriff's office on May 1, 2013 as a Deputy Sheriff. Commander Eugene Bridges, a supervisor with the Sheriff's Department, assigned himself to train Plaintiff. Commander Bridges was not normally involved in the training of new employees. Sheriff K.C. Hamp of the Tunica County Sheriff's Department would have had to approve the unusual assignment of Commander Bridges to train Plaintiff. Plaintiff's career ambition and goal was, and still is to be a sworn law enforcement officer.

**13.**

During her first week of employment, Plaintiff was assigned to the headquarters where she read the Department's policy manuals.

**14.**

Missing at that time from the material given to Plaintiff was the Department's policy on workplace Harassment, Plaintiff did not receive a copy of the Department's policy on workplace harassment until well after the events complained of herein.

4

**15.**

In the second week of Plaintiff employment, Commander Bridges approached Plaintiff and informed her that he would be training her.

**16**

Pursuant to established Sheriff Department Policy and Practice, training officers were normally assigned to train new employees.

**17.**

Commander Bridges singled Plaintiff out at her initial employment for the purpose of praying on her lack of knowledge as a new female employee, and thereby, placed her under his direct supervision and control, all of which was done with the knowledge, acquiescence, collaboration, and consent of Defendant, Sheriff K. C. Hamp.

**18.**

During the first few days of training, Commander Bridges drove Plaintiff around to the different roads in the County for what he told her was to familiarize her with the county roads. While doing so, Commander Bridges began to ask Plaintiff about her personal life. He asked if she was married, if she had a boyfriend and whether she had any children?

**19.**

Within three weeks of her employment, Commander Bridges asked if he could take Plaintiff out to dinner? Plaintiff was afraid to tell him no. Plaintiff had been unemployed for six months and didn't want to lose her job. In fear of the same, and knowing that Commander Bridges was her training officer, Plaintiff agreed. Thereafter, Commander bridges traveled on a daily basis with Plaintiff around Tunica under pretense of training her.

**20.**

During the months of June, July, August, through the first two-weeks of September, 2013, Commander Bridges did a little more than travel around Tunica County with Plaintiff in a Tunica County Sheriff's Department Patrol car, questioning Plaintiff on a wide variety of personal matters. Commander Bridges used these occasions to make comments of a sexual nature, and to pursue a sexual relationship with Plaintiff. Plaintiff was uncomfortable with the daily pursuit by Commander Bridges, but as a probationary employee, was afraid to reject Commander Bridges advances.

**21.**

It was during this period that Commander Bridges, through the use of his positon as Plaintiff's supervisor, the apparent and actual threat of adverse employment action, including the loss of job, that Commander Bridges commenced on a regular, if not daily routine of sexually harassing Plaintiff by requesting, and sometimes demanding that she have sex with him.

**22.**

Plaintiff, from and after her employment of May 1, 2013 and during the entire period of her training, was subjected to daily sexual pursuits of Commander Bridges, during which time little, if any training was given her. In fact, after Commander Bridges the initial phase of his sexual harassment and sexual assaults on Plaintiff in September, 2013, Plaintiff had to undergo additional training to make up for the lack of training given her by Commander Bridges.

**23.**

In September 2013, Commander Bridges saw Plaintiff talking to a co-worker Deputy while the two were parked next to each other in their patrol cars. In response, Commander Bridges told Plaintiff that, "I better not see no other M.F. talking to you". Plaintiff felt that

Commander Bridges threats were directed at her personal safety, as well as her employment with the Tunica County Sheriff's Department.

### 24.

In November 2013, a female Deputy returned to work after an illness related leave. Soon thereafter, Plaintiff discovered that Commander Bridges was also sexually harassing the female deputy. Commander Bridges immediately began to attempt to pit the two deputies against each other. Having had enough, Plaintiff and female deputy went to see Sheriff Hamp in January, 2014 and told him that Commander Bridges was stalking them at work, and requested that he ask Commander Bridges to leave them alone.

### 25.

Instead of taking the appropriate action as required by Department Policy and law, Sheriff Hamp stated that: "y'all think you are the only two women that Commander Bridges has done this to. Y'all need to leave this alone before you lose your jobs." No action was taken by Sheriff Hamp in response to Plaintiff's complaint of sexual harassment, and her request for help.

### 26.

A month later, February 2014, while Plaintiff was at the Department's headquarters, Commander Bridges approached her and repeated the exact words of her complaint to Sheriff Hamp. Commander Bridges told Plaintiff that: "nothing was going to be done to him, and that he ran things around here." Plaintiff left feeling that Commander Bridges did in fact, "run things."

### 27.

In March of 2014, Plaintiff made a formal written and verbal complaint to Mayor Dennis Allen of the Tunica County Sheriff Office of Internal Affairs (IA) department, complaining about the threats made by Commander Bridges, his stalking and sexual harassment of her.

Mayor Allen told Plaintiff that he turned Plaintiff's complaint about Commander Bridges' conduct in to Commander Leroy Weeks, who at that time was over Internal Affairs.

**28.**

In the Spring of 2014, Commander Bridges approached Plaintiff at work and told her, "I heard you filed sexual harassment on me, and I told the Sheriff to fire your ass." The statement by Commander Bridges left Plaintiff shaken and upset. It was a message that had the purpose and effect of intimidating Plaintiff, and to chill any intent she might have had of speaking out against Commander Bridges' unlawful sexual harassment of her.

**29.**

After this encounter, in March, 2014, Captain Jammie Lewis, a friend of Commander Bridges, and over the night shift which Plaintiff was assigned to, started treating her differently. He complained of Plaintiff's reports and work, which had never been a problem before. Plaintiff, as a result, requested that Deputy Chief Willie Dunn transfer her to another night shift under Captain Victor Randle. Chief Dunn agreed, and transferred Plaintiff.

**30.**

The adverse actions directed at Plaintiff by Captain Lewis, was a result and in retaliation for Plaintiff's report of sexual harassment by Commander Bridges.

**31.**

Plaintiff repeatedly told Commander Bridges that she wanted him to leave her alone. In response, Commander Bridges would just laugh at her, and tell her that there was nothing she could do about it.

**32.**

Plaintiff told Commander Bridges in November, 2014 that she had suffered a permanent physical injury as a result of his sexual harassment and sexual misconduct with her. Commander

Bridges denied it, and stated that a woman from Desoto County had told him that he had suffered a similar injury.

**33.**

Commander Bridges told Plaintiff that she could not prove that he had caused the injury, and to remember that he controlled her job. Plaintiff, in an effort to get away from Bridges, started applying for other jobs in law enforcement, without success.

**34.**

September 10, 2015, Plaintiff met with a female Commander and reported the harassment by Commander Bridges and asked for her help. Plaintiff also requested that she not tell Commander Bridges about their conversation. The female Commander, in turn, told Sheriff Hamp what Plaintiff had told her. Sheriff Hamp then reported it to Commander Bridges.

**35.**

Commander Bridges as a daily and weekly routine during the period of his supervision, May 1, 2013 through September 9, 2015, would approach Plaintiff in the hallways of the Tunica County Sheriff's Office, on patrol, or on a call given to Plaintiff by dispatch, demanding that Plaintiff come to his house at night, with the threat that if she didn't she would lose her job. Commander Bridges' reckless and discriminatory conduct, humiliated, embarrassed and terrorized Plaintiff, and was thereby the proximate cause of the injuries, damages and harm suffered by Plaintiff.

**36.**

Wednesday, September 9, 2015 at approximately 7:00 p.m., Plaintiff arrived at the Sherriff Department after working a bus detail. When exiting her vehicle, Plaintiff saw command staff standing outside. Among them were, Sherriff Hamp and Commander Bridges. Plaintiff walked in the Sheriff's office to put her equipment up in the captain' office.

9

Commander Bridges followed Plaintiff in and promptly told Plaintiff he needed to talk to her. Plaintiff replied that she was tired, and could they talk tomorrow? Commander Bridges replied "no, it won't take long and you really don't have a choice but to talk to me." Commander Bridges stayed in the room until Plaintiff was done putting her equipment up. Plaintiff as requested by Commander Bridges, then followed him into the investigation office. Commander Bridges used his key to open the door, and then lock it. There, Commander Bridges showed Plaintiff pictures on his cell phone of herself and another officer at a gym where they were working out, and then accused Plaintiff of sending the pictures to the officer's wife. Plaintiff denied the allegations, but Commander Bridges persisted with the charge, and then morphed into the real reason for taking, holding, and detaining Plaintiff in the investigation office of the Tunica County Sheriff's Office. Commander Bridges approached Plaintiff and stated, "you miss me and my sex don't you," and then began to rub Plaintiff's legs. Plaintiff pushed Commander Bridges away, telling him to "stop doing that." At that moment, a Lieutenant with the Sheriff's Department unlocked the door came in, stating that he needed to get something. Thereafter, Plaintiff was able to leave the then unlocked door.

### 37.

The detention, confining, and holding of Plaintiff against her will by Commander Bridges to satisfy his desire to continue his sexual harassment of Plaintiff was a violation of statutorily-created (Title VII) protected rights, and constitutes the torts of false imprisonment, intentional infliction of emotion distress, and negligent infliction of emotional distress, for which Plaintiff is entitled to damages.

### 38

Finally, believing that there were no other options open to her, Plaintiff filed Sexual Harassment charges with the U.S. Equal Employment Commission on September 23, 2015.

**39.**

Shortly after the charges were filed, Commander Bridges was dismissed from employment with the Tunica County Sheriff's Department.

**40.**

In September 2015, Plaintiff was admitted as an outpatient to Parkwood Behavioral Health Center in Olive Branch, Mississippi with a diagnosis of major depression. There, she was treated for the injuries she suffered as a direct and proximate result of the actions of the Defendants as complained of herein, until her release in November 2015, for which Plaintiff is entitled to an award of damages for the Defendants.

**41.**

November 9, 2015, Plaintiff, at her request was reassigned to the Position of School Resource Officer at Rolling Fork High School in Tunica, MS. This was done in an effort to remove herself from the hostile work environment created as a result of Commander Bridges unchecked sexual harassment of Plaintiff.

**42.**

December 7, 2015, Plaintiff was removed from her position as a Deputy Sheriff with the Tunica County Sheriff's Department and demoted to the positon of Deputy Jailer. Her powers and duties as a law enforcement officer were removed. The reassignment of Plaintiff was done in retaliation for Plaintiff's complaint charging the Tunica County, Mississippi Sheriff's Department with sexual harassment.

**43.**

Plaintiff, on December 9, 2015, filed a charge with the United States Equal Employment Commission, retaliation against the Tunica County Sheriff's Department.

**44.**

Throughout her employment, Plaintiff was subjected and/or exposed to sexual advances, sexual comments, and sexual propositions by her superior, Defendant Bridges, who at all relevant times supervised the Plaintiff in his capacity as Commander at the Tunica County Sheriff's Department. Although the Plaintiff requested that Bridges stop his offensive behavior, he persisted, and in fact, escalated his offensive actions each time Plaintiff demanded that he stop.

**45.**

The actions of the Defendants were willful, intentional, and in complete disregard for the Plaintiff's rights protected by federal law.

## CAUSE OF ACTION
## COUNT I- SEXUAL HARASSMENT-HOSTILE WORK ENVIROMENT

**46.**

The Plaintiff incorporates by reference paragraphs **1-30** above with the same force and effects as if fully set out in specific detail herein below.

**47.**

As set forth above, during Plaintiff's employment with Defendants, she was subjected to a hostile work environment in which sexual comments, sexual assault, sexual harassment, were gender-based, and which permeated the workplace.

**48.**

The Defendants subjected the Plaintiff to a hostile work environment because of her sex, which altered the terms and conditions of her employment.

**49.**

The Defendants had a duty to provide the Plaintiff with a workplace free from unlawful discrimination and sexual harassment.

**50.**

Defendants failed to take all reasonable steps to prevent and redress discrimination and harassment against Plaintiff.

**51.**

The Defendants breached that duty to Plaintiff by tolerating and facilitating a workplace in which demeaning and offensive behavior regularly existed.

**52.**

The sexual harassment of the Plaintiff was severe and pervasive, adversely affecting the terms and conditions of her employment and making it more difficult for her to do her job.

**53.**

After attempts by Plaintiff to report unwelcomed sexual harassment, Defendant Bridges, as a supervisor, acting in his individual and official capacity, continued his offensive behavior.

**54.**

The conduct of Defendant as complained of herein imposed a hostile work environment on Plaintiff in which she feared the loss of her employment and the possible adverse employment actions against her, including job discrimination and monitoring of personal life. As described above she was placed in a category separate from other first time employees in that she was handed off to Commander Bridges where he used his position of authority, and as her supervisor to promote his sexual advances, assault upon Plaintiff's person, and unlawful detention of Plaintiff's on September 9, 2015, for his perverse and outrageous sexual pleasure in the workplace.

**55.**

The Plaintiff suffered a tangible employment action because she refused to tolerate, or acquiesce or give in to Commander Bridges, continued sexual harassment.

**56.**

The Defendants were aware of the harassing conduct, both before, and again by virtue of the Plaintiff's complaints, and by Commander Bridges role as a supervisor with Tunica County Sheriff Department.

**57.**

The Defendants failed to take adequate action to stop the sexual harassment.

**58.**

The Defendants failed to guard against the misconduct of its employees, failed to train its supervisor, managers and employees, failed to monitor their conduct, and failed to take adequate remedial action.

**59.**

The Defendant Tunica County Sheriff Department failed to follow enforce its sexual harassment policy and its procedures for handling complaints of sexual harassment, these policies as applied, were inadequate.

**60.**

The Tunica County Sheriff Department ratified and/or condoned the sexual hostile environment by failing to take appropriate action to stop the harasser, Defendant Commander Bridges.

**61.**

As a result of this conduct and Defendants' failure to prevent and/or halt the conduct, Plaintiff has suffered damages as set forth herein.

**62.**

Defendant Tunica County Sheriff Department, is directly and indirectly liable for the sexually harassing conduct of its supervisory and managerial employees, including Defendant Commander Bridges.

**63.**

Defendant Tunica County Sheriff Department, through its agents, has engaged in a pattern and practice of subjecting its female employees to sexual harassment and a sexually hostile work environment. Furthermore, Defendant Tunica County Sheriff Department has a pattern and practice of tolerating sexual harassment by employees who preside in supervisory positons.

**64.**

When the Plaintiff reported the incidents of sexually harassment to the Sheriff and other officers of Defendant Tunica County Sheriff Department, the reports were either summarily rejected, or simply ignored.

**65.**

In doing the things alleged herein, Defendants' conduct was despicable, and Defendants acted towards Plaintiff with malice, oppression, and fraud and with a willful and conscious disregard of Plaintiff's rights thus entitling Plaintiff to punitive damages.

**66.**

The Defendants acted with malice and/or reckless indifference to the Plaintiff's federally protected rights, for which Plaintiff is entitled to an award of compensatory and punitive damages.

## COUNT II
## NEGLIGENCE AS TO TUNICA COUNTY, MISSISSIPPI
## TUNICA COUNTY SHERIFF'S DEPARTMENT AND SHERIFF R. C. HAMP

### 67.

Defendants, Tunica County, Mississippi, Tunica County Sheriff's Department, Sheriff R. C. Hamp owed and continues to owe a duty of care to their employees such as Plaintiff, to prevent their employees from acting in any way to harm co-employees.

### 68.

Defendants, Tunica County, Mississippi, Tunica County Sheriff's Department, Sheriff R. C. Hamp had a further duty to ensure that complaints of sexual harassment and sexual misconduct were properly handled and the investigation conducted in a fair, impartial and/or non-discriminatory manner.

### 69.

Defendants, Tunica County, Mississippi, Tunica County Sheriff's Department, Sheriff R. C. Hamp breached their duty of care owed to Plaintiff by and through the following acts and/or omissions, which include but are not limited to:

    A.    Failing to properly and adequately train their managerial employees, including defendant Commander Bridges on Defendants' policies prohibiting sexual discrimination and sexual harassment;

    B.    Failing to properly and adequately train its managerial employees, including Defendant Commander Bridges to prohibit discriminatory employment practices, including discrimination based gender;

    C.    Failing to carefully and diligently supervise its employees, including Defendant Commander Bridges, to prevent them from improperly handling complaints of sexual harassment and/or conducting the investigation in a non-discriminatory manner;

    D.    Failing to conduct a reasonably, proper and appropriate investigation of the complaints made by Plaintiff;

    E.    Failing to abide by its own express and implied employment policies and procedures;

F.   Failing to protect Plaintiff from being a victim of the perverse and aggressive acts of sexual harassment at the hands of Defendant, Commander Bridges;

G.   Failing to exercise reasonable care under the circumstances.

**70.**

The above-named Defendants' conduct was a direct and proximate cause of the injuries, damages and harm suffered by Plaintiff.

**71.**

Because the Defendants' conduct toward Plaintiff was improperly motivated, and was intentional, willful and wonton, Plaintiff is entitled to punitive exemplary damages in addition to compensatory damages.

**RETALIATION - COUNT III**

**72.**

The Plaintiff incorporates by reference Paragraphs 1-61 above with the same force and effect as it fully set out in specific detail herein below.

**73.**

The Plaintiff engaged in conduct protected by Title VII.

**74.**

This protected conduct included, but is not limited to, her complaints to the Sheriff of the Tunica County Sheriff Department and others in management about the sexually hostile environment and her refusal to tolerate the sexual harassment, and the filing of a lawful Complaint with the United States Equal Employment Opportunity Commission. Plaintiff also complained about Defendants' failure and refusal to take action to address and remedy hostile work environment. Plaintiff informed and believes that Defendants retaliated against Plaintiff because she made complaints about, and opposed the hostile work environment.

**75.**

The Plaintiff and similarly situated female employees were discouraged from reporting the sexual harassment they have endured in the workplace and were subjected to intimidation after reporting the harassment.

**76.**

The Defendants retaliated against the Plaintiff for her protected conduct by taking adverse employment actions against her, including, but not limited to demoting Plaintiff from her position as a sworn law enforcement officer to jailer. Plaintiff's gun and badge were taken from her.

**77.**

The Defendants had a duty to provide the Plaintiff with a work environment in which she was free to object to sexual harassment without being retaliated against through slights, job penalties, or intimidation.

**78.**

The Defendants breached their duty to the Plaintiff by tolerating and condoning a hostile atmosphere of intimidation and retaliation for the reporting of sexual harassment.

**79.**

The Defendants acted with malice and/or reckless indifference to the Plaintiff federal protected rights.

**80.**

In doing the acts alleged herein, Defendants' conduct was despicable, and Defendants acted towards Plaintiff with malice, oppression, fraud and with a willful and conscious disregard of her rights, thus entitling Plaintiff to compensatory and punitive damages.

## COUNT IV
## RETALIATION-VIOLATION OF 42 U.S.C. §1981

### 81.

Plaintiff realleges and incorporates each and every fact alleged herein.

### 82.

42 U.S.C. § 1981 makes it unlawful for an employer to discriminate against any employee because she has opposed any practice made unlawful under the statue. As described above, Plaintiff was subjected to sexual harassment, sexual assault, and demeaning comments based on her gender.

### 83.

Plaintiff repeatedly complained about the actions as set forth herein by Commander Bridges. These complaints were made to Plaintiff's supervisors, including Sheriff Hamp

### 84.

Plaintiff also complained about Defendants' failure and refusal to take action to address and remedy hostile work environment

### 85.

Plaintiff is informed and believes that Defendants retaliated against Plaintiff because she made complaints about, and opposed, the hostile work environment.

### 86.

The retaliation included, but was not limited to the following: making false allegation about Plaintiff's performance, and demoting Plaintiff.

### 87.

As a result of Defendants' conduct, Plaintiff has suffered damages as set forth herein.

**88.**

In doing the acts alleged herein, Defendants acted towards Plaintiff with malice, oppression, fraud and with a willful and conscious disregard of her rights, thus entitling Plaintiff to compensatory and punitive damages.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**89.**

Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 76 herein.

**90.**

At all relevant times, Defendants, Tunica County, Mississippi, Tunica County Sheriff's Department, and Sheriff R. C. Hamp, knew or should have known that Defendant Commander Bridges was engaging in a pattern and practice of using the authority of his office, and his high position as a Commander and Supervisor with the Tunica county Sheriff's Department, to plan and execute numerous acts of sexual assault and sexual harassment against Plaintiff and others similarly situated female employees in Defendants' work place.

**91.**

The conduct set forth herein above was extreme and outrages and an abuse of the authority and positon of Defendants and its supervisory employee. Said conduct was intended to cause severe emotional distress, or was done in conscious disregard of the possibility of causing such distress.

**92.**

Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace. Defendant and their agents abused their positions

of authority toward Plaintiff, and engaged in conduct intended to humiliate and demean Plaintiff and to convey the message that Plaintiff was powerless to defend her rights. Defendants abused their authority and directly injured Plaintiff by their ratification of the actions of Commander Bridges' towards Plaintiff by failing to protect Plaintiff and in violating the rights Plaintiff had to not be discriminated against or harassed on the basis of her gender. Furthermore, Defendants demoted Plaintiff and removed her as a sworn officer, thus causing severe emotional distress. As a result of said conduct, Plaintiff has suffered damages as set forth herein. Defendants engaged in the acts alleged herein maliciously, fraudulently, and oppressively, and/or with the wrongful intention of injuring Plaintiff, for which Plaintiff is entitled to an award of compensatory and punitive damages.

## COUNT VI
## VIOLATION OF SUBSTANTIVE DUE PROCESS
## AGAINST ALL DEFENDANTS

### 93.

Plaintiff incorporates herein Paragraphs 1-82 of this Complaint.

### 94.

Plaintiff possesses a right to bodily integrity under the Fifth Amendment

### 95.

Defendants condoned a culture which allowed gender based sexual harassment sexual assault.

### 96.

Defendants' actions and failures to act violated Plaintiff's substantive due process rights, damaged to Plaintiff as alleged herein, thereby entitling Plaintiff to an award of punitive/ exemplary damages in addition to compensatory damages.

### 97.

Defendants engaged in discriminatory employment practices with malice or with reckless indifference to Plaintiff's federally protected rights, Plaintiff is entitled to punitive/exemplary damages in addition to compensatory damages and other remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section (s) 2000c et seq., as Amended, and 42 U.S.C. Section 1981A.

<h3 style="text-align:center">COUNT VII<br>STRICT LIABILITY</h3>

**98.**

Plaintiff incorporates by reference Paragraphs 1 – 85 above.

**99.**

Defendants, Sheriff R. C. Hamp and Commander Bridges were, at all times relevant, Plaintiff's supervisors. Said Defendants were empowered through their respective positions, to take tangible employment actions against Plaintiff.

The following are some, but not all of the tangible employment actions taken against Plaintiff.

A. Sheriff Hamp assigned Commander Bridges to train Plaintiff when he knew or should have known of Commander Bridges' ulterior motive of positioning himself to take advantage of his position as Plaintiff's training supervisor to sexually assault and sexually harass Plaintiff;

B. Sheriff Hamp's instruction to Plaintiff and another female of Tunica Sheriff Department employee to stop complaint about sexual harassment by Commander Bridges, or risk the loss of their jobs;

C. Commander Bridges' use of his supervisory authority to direct Plaintiff's training activities and to keep her captive while he pursued and carried out his acts of sexual assault and sexual harassment; and

D. The demotion of Plaintiff from her position as a sworn Deputy with the Tunica County Sheriff's Department to jailers in retaliation for her complaints about sexual harassment in the workplace.

The acts of Defendants as complained of herein render the Defendants strictly liable for damages and injuries to the Plaintiff.

## DAMAGES

The conduct of the above-named Defendants, as set forth herein, insulting Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section (S) 2000c et seq., as Amended by the Civil Rights Act of 1991 and 42 U.S.C. Section 1981A; caused injuries, damages and harm to Plaintiff, including, but not limited to, past and future economic loss, past, and future non-economic losses, including extreme emotional distress, loss of reputation, shame, humiliation, permanent physical disability, pain and suffering, inconvenience, mental anguish, impairment in the quality of life, and consequential losses.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Angela White requests judgment and damages against Defendants Tunica County, Mississippi, Tunica County Sheriff's Department, Sheriff R. C. Hamp, individually and in his official capacity, Commander Eugene Bridges, individually and his official capacity, as follows:

A.      A declaratory judgment that Defendants have violated Plaintiff's right to be free from discrimination in the workplace pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000c, ct seq., as amended by the Civil Rights Action of 1991 and 42 U.S.C. Section 1981;

B.      Enter an injunction ordering Defendants to make Plaintiff whole by reinstating Plaintiff to her position as a sworn Deputy Sheriff with the Tunica County Sheriff's Department;

C.      An award to Plaintiff compensatory damages in the amount of $2,500,000.00 for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential losses;

D.      An award to Plaintiff for exemplary and/or punitive damages in the amount of $3,000,000.00.

E.  An award to Plaintiff for reasonable attorney fees, as provided in the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000c, et seq., as amended by the Civil Rights Action of 1991 and 42 U.S.C. Section 1981A, and 42 U.S.C. Section 1988.

F.  Interest on any award at the highest rate allowed by law; and

G.  Such other and further relief as this Court deems just and appropriate.

Plaintiff requests trial to a Jury on all claims allowed by law.

This the _4th_ day of August, 2016.

Respectfully submitted,

**ANGELA WHITE**, PLAINTIFF

BY: _____
EDWARD BLACKMON, JR., MSB #3354
*Attorney for Plaintiff*

OF COUNSEL:

Janessa E. Blackmon, MSB 101544
Bradford J. Blackmon, MSB 104848
Marcus A. Williams, MSB 104817
BLACKMON & BLACKMON, PLLC
907 West Peace Street
Post Office Drawer 105
Canton, Mississippi 39046
Telephone: 601-859-1567
Facsimile: 601-859-2311

Z:\oldFiles\SEXUAL HARRASSMENT\Angela White\COMPLAIINT 8.1.16.docx