THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANGELA WHITE                                              PLAINTIFF

v.                                         CIVIL ACTION NO: 3:16-CV-182-MPM-RP

TUNICA COUNTY, MISSISSIPPI; et al.                           DEFENDANTS

## ORDER DENYING MOTION FOR SANCTIONS DUE TO
## SPOLIATION OF CELL PHONE BY DEFENDANT EUGENE BRIDGES

Plaintiff seeks sanctions against defendant Eugene Bridges for alleged spoliation of a cell phone. Docket 57. Plaintiff alleges that various text messages were exchanged between herself and Bridges and that after being made aware of plaintiff's sexual harassment claim, Bridges failed to maintain his cell phone. As a result, plaintiff asserts that the text messages produced by Bridges should be excluded from evidence. In response, Bridges contends that plaintiff seeks to exclude the subject communications not because Bridges spoliated evidence, but instead because the communications demonstrate that plaintiff was the aggressor. Docket 61 at 2. A review of the deposition testimony shows that plaintiff authenticated almost all of the messages at issue and plaintiff herself could have maintained her own phone to preserve the communications at issue, but testified that she had replaced her phone more than once and did not maintain anything from her old phones other than her contacts. *Id.* at 2-3.

Although it is not binding precedent here, the court finds instructive the analysis expounded by the Court of Federal Claims regarding a federal court's authority to craft appropriate sanctions. In *United Med. Supply Co., Inc. v. United States*, 77 Fed. Cl. 257 (2007),

1

the court addressed spoliation of evidence and violation of a party's duties under the Federal Rules of Civil Procedure, its own parallel Rules and the court's authority and obligation to preserve the integrity of the fact-finding process. In making such a decision, said the Court of Claims, a federal court "must construct a sanction that is just and proportionate in light of the circumstances underlying the failure to preserve relevant evidence, *as well as the punitive prophylactic, remedial and institutional purposes to be served by such sanctions*." *United Med. Supply*, 77 Fed. Cl. at 270 (emphasis added). The court found that the spoliation doctrine has as one of its core purposes "not . . . solely to punish those who consciously destroy inculpatory documents, but also to address the manifest unfairness inherent in the loss of relevant evidence." *Id*. at 269. In other words, the sanctions available to the court to address spoliation are not there simply to reward a party on the receiving end of wrongdoing by another party via Rule 37 of the Federal Rules of Civil Procedure: that inherent power is "governed not by rule of statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co. v. 370 U.S.,* 626, 630, 31 (1962), *reh'g denied*, 501 U.S. 1269 ( 1991). *See also Consol. Edison Co. of New York, Inc. v. United States*, 90 Fed. C. 228, (2009); *United Med. Supply,* 77 Fed. Cl. at 263-64.

      Plaintiff has provided no evidence that Bridges has actually destroyed any evidence. In fact, it appears that Bridges has taken further steps than plaintiff in preserving evidence at issue in this case. Therefore, the court finds there is insufficient evidence to sanction Bridges for any alleged spoliation of evidence. Rather, plaintiff may present her evidence of spoliation to the jury, who may consider that evidence in weighing the credibility of the parties. Plaintiff's Motion for Sanctions Due to Spoliation of Cell Phone by Defendant Eugene Bridges is DENIED.

**SO ORDERED**, this, the 2nd day of June, 2017.

    /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE